UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jackson National Life Insurance Company, | Case No. 15-cv-3044 (WMW/DTS) |
| Interpleader Plaintiff, | |
| v. | **ORDER** |
| Karyl L. Bohnert; Nancy Anderson; and Michael D. Kozlik, as the personal representative of the Estate of Kenneth R. Boettcher, | |
| Interpleader Defendants. | |

---

This matter is before the Court on Interpleader Defendant Karyl L. Bohnert's motion to dismiss from this action Interpleader Defendant Michael D. Kozlik, as the personal representative of the Estate of Kenneth R. Boettcher (the Estate). (Dkt. 105.) Mary Wilson, in her capacity as Special Administrator of the Estate, opposes Bohnert's motion to dismiss and cross-moves for an order substituting herself in place of Kozlik. (Dkt. 109.) For the reasons addressed below, both motions are denied.

### BACKGROUND

Interpleader Plaintiff Jackson National Life Insurance Company (Jackson) commenced this action in July 2015 to resolve a dispute pertaining to annuity benefits payable following the death of Kenneth R. Boettcher in April 2015. Jackson deposited the disputed annuity benefits with the Court and was dismissed from this action in 2016.

In December 2016, in connection with ongoing probate proceedings, the County Court of Sarpy County, Nebraska (the Probate Court), ordered the removal of Kozlik as

the personal representative of the Estate. The Probate Court subsequently appointed Wilson as Special Administrator of the Estate to "preserve and protect the rights and interests of the Estate" in this case, but she was not authorized to bind the Estate to a settlement agreement without first obtaining the approval of the Probate Court.

In July 2017, Interpleader Defendants filed a joint letter advising the Court that they had reached an agreement to resolve this matter. As such, Wilson filed a motion in the Probate Court seeking authorization to execute the settlement agreement on behalf o the Estate. Several days later, however, Kozlik filed a motion in the Probate Court seeking to enjoin Wilson from executing the settlement agreement on behalf of the Estate.[1] In September 2018, this Court stayed this case pending the Probate Court's decision as to Wilson's authority to execute the settlement agreement on behalf of the Estate.

In a December 26, 2019 Order, the Probate Court authorized Wilson to execute a settlement in this case on behalf of the Estate and authorized Wilson to exercise the powers of personal representative of the Estate pursuant to Nebraska law. The Probate Court subsequently denied Kozlik's motion to overturn or alter the December 26, 2019 Order. Kozlik appealed these Probate Court decisions on March 3, 2020, and that appeal remains pending.

---

[1]  Kozlik also filed additional motions in the Probate Court, including a challenge to the Probate Court's order removing him as personal representative of the Estate. In a May 13, 2020 opinion, the Nebraska Supreme Court affirmed Kozlik's removal as personal representative of the Estate.

Bohnert moves to dismiss the Estate from this case with prejudice pursuant to Rule 17, Fed. R. Civ. P., arguing that the Estate has no representative with the requisite authority to represent it in this case. Wilson, on behalf of the Estate, opposes Bohnert's motion to dismiss and cross-moves for an order substituting herself in place of Kozlik as representative of the Estate pursuant to Rule 25, Fed. R. Civ. P.

## ANALYSIS

### I. Bohnert's Motion to Dismiss

Bohnert moves to dismiss the Estate pursuant to Rules 17(a)(1) and 17(b)(3) of the Federal Rules of Civil Procedure, arguing that the Estate lacks a representative with the authority to represent it in this case. Wilson, on behalf of the Estate, counters that these rules are inapplicable here.

Rule 17(a)(1) provides that "[a]n action must be *prosecuted* in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1) (emphasis added). And Rule 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Notably, "Rule 17 applies only to transfers [of legal interests] occurring prior to the commencement of a lawsuit." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 n.4 (8th Cir. 1995). And by its plain language, Rule 17(a) applies to a plaintiff asserting a claim, not a defendant. *See* Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment (describing purpose of this rule as "to protect the defendant against a subsequent action by the party actually entitled to recover"); *see also United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569 (observing that "the requirements in Rule 17(a) are for

3

the benefit of the defendant"). Here, the Estate is defendant and is not prosecuting a claim. Nor were the legal interests of the Estate transferred from Kozlik to Wilson prior to the commencement of this lawsuit. Bohnert cites no legal authority to the contrary, nor has the Court's research identified any such authority. Indeed, in her reply brief, Bohnert abandons any reliance on Rule 17. For these reasons, Bohnert has not demonstrated that Rule 17 applies here or that dismissal of the Estate from this case is warranted.[2]

Accordingly, Bohnert's motion to dismiss the Estate from this case is denied.

## II.    Wilson's Motion to Substitute

Wilson contends that the Court should substitute herself in place of Kozlik as representative of the Estate in this matter pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. Bohnert opposes Wilson's motion, arguing that Wilson lacks the legal authority to represent the Estate and that all parties to this action must agree to the substitution.

Rule 25(c) provides that if a party's legal interest is transferred, "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) permits substitution when . . . an interest is transferred during a lawsuit." *ELCA Enters.*, 53 F.3d at 191. "The rule is designed to allow an

---

[2]     Moreover, even if it applied in this case, Rule 17(a) does not permit dismissal based on a "failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." Fed. R. Civ. P. 17(a)(3).

4

action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." *Id.* (internal quotation marks omitted). When evaluating a motion for substitution of parties, "[t]he question of *who* is a proper party is a substantive issue" governed by state law, whereas "the method by which one must proceed as the successor to establish a right to substitution is procedural, and is governed by federal law." *In re Baycol Prods. Litig.*, 616 F.3d 778, 787–88 (8th Cir. 2010). Whether to grant a motion to substitute parties under Rule 25(c) is within the discretion of the district court. *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978).

Here, the legal interest at issue belongs to the Estate. It is undisputed that Kozlik is no longer the personal representative of the Estate, and his court-ordered removal as personal representative was affirmed by the Nebraska Supreme Court in a May 13, 2020 opinion. It also is undisputed—and the record reflects—that the Probate Court appointed Wilson as Special Administrator of the Estate in February 2017 and, in a December 26, 2019 Order, authorized Wilson to (1) execute a settlement in this case on behalf of the Estate and (2) exercise the powers of personal representative of the Estate pursuant to Nebraska law.

Notwithstanding the foregoing facts, Bohnert contends that Wilson lacks the authority to represent the Estate in this matter because Kozlik's appeal of the December 26, 2019 Order remains pending. Under Nebraska law, an appeal of any matters arising under the Nebraska Probate Code "shall be a supersedeas for the matter from which the appeal is specifically taken." Neb. Rev. Stat. § 30-1601(4). As such, the Probate Court's

order authorizing Wilson to settle this case and to act as personal representative on behalf of the Estate is suspended during the pendency of Kozlik's appeal. *See In re Estate of Sehi*, 772 N.W.2d 103, 700–01 (Neb. Ct. App. 2009) (construing and applying Neb. Rev. Stat. § 30-1601). Although Nebraska law permits Nebraska courts to remove a supersedeas, *see* Neb. Rev. Stat. § 30-1601(4), there is no evidence that a Nebraska court has done so here. Because the record in this case does not clearly establish that the Estate's interest in this case has been effectively transferred to Wilson, her motion to substitute herself for Kozlik is, at best, premature while an appeal is pending and subject to a supersedeas.

For these reasons, Wilson's motion to substitute is denied without prejudice. In light of this conclusion, the Court need not address Bohnert's alternative arguments in opposition to Wilson's motion.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Interpleader Defendant Karyl L. Bohnert's motion to dismiss, (Dkt. 105), is **DENIED**.

2. Mary Wilson's motion to substitute, (Dkt. 109), is **DENIED** without prejudice.

Dated: June 10, 2020

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge