UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jackson National Life Insurance Company,        Case No. 15-cv-3044 (WMW/DTS)

    Plaintiff,

                 **ORDER**

 v.

Karyl L. Bohnert et al.,

    Defendants.

---

  This matter is before the Court on an unopposed motion for leave to withdraw funds filed by Mary Wilson, in her capacity as Special Administrator of the Estate of Kenneth R. Boettcher (the Estate). (Dkt. 128.)

  Interpleader Plaintiff Jackson National Life Insurance Company (Jackson) commenced this action in July 2015 to resolve a dispute pertaining to annuity benefits payable following the death of Kenneth R. Boettcher in April 2015. Jackson deposited the disputed annuity benefits with the Court in October 2015, in a total amount of $181,159.65 (Interpleader Sum). The Court subsequently dismissed Jackson from this action. In a December 16, 2020 Stipulation, the remaining parties represent to the Court that they have reached a partial settlement whereby $20,000 of the Interpleader Sum is to be paid to counsel for the Special Administrator of the Estate. Therefore, the parties seek a court order directing the Clerk of Court to make a $20,000 payment to the Estate and dismissing the Estate with prejudice.

If any part of the relief sought in a civil action is a money judgment or the disposition of a sum of money, "a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money." Fed. R. Civ. P. 67(a). A party that seeks to deposit money in the court registry may do so only by court order, which Jackson obtained in this case in 2015 before depositing the Interpleader Sum into the court registry. *See id.*; LR 67.1(a).

A court order also must be obtained before money may be *withdrawn* from the court registry. 28 U.S.C. § 2042; Fed. R. Civ. P. 67(b); LR 67.2(a). To obtain a court order for the withdrawal of money from the court registry, a party must file (1) a motion for leave to make the withdrawal, (2) a Withdrawal Payee Information form under seal, and (3) a proposed order specifying the amount of principal and percentage of interest to be disbursed to each payee. LR 67.2(b)(1). A party opposing a motion to withdraw funds must file a response within seven days after the motion is filed. LR 67.2(b)(2). And the Clerk of Court "must not disburse money from the court registry until 30 days after entry of the order granting leave, unless the court orders otherwise." LR 67.2(c).

Here, the Special Administrator of the Estate has filed the required motion, Withdrawal Payee Information form, and proposed order. The Special Administrator of the Estate represents that the motion is unopposed, and no opposition to the motion has been filed within the time period permitted. Accordingly, the motion to withdraw funds is granted, subject to the 30-day waiting period required by Local Rule 67.2(c).[1]

---

[1] Because the parties have neither expressly requested an earlier disbursal, nor provided a reason for ordering an earlier disbursal, the Court declines to deviate from the requirements of Local Rule 67.2(c).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The unopposed motion of Mary Wilson, in her capacity as Special Administrator of the Estate of Kenneth R. Boettcher, to withdraw funds from the court registry, (Dkt. 128), is **GRANTED**.

2. The Special Administrator is granted leave to withdraw funds from the court registry in the amount of $20,000 from the principal of the Interpleader Sum.

3. The Clerk of Court is directed to make payment to Messerli & Kramer, P.A., in the amount of $20,000, pursuant to the Withdrawal Payee Information Form, (Dkt. 129), filed by the Special Administrator. This disbursement shall occur 30 days after the date of this Order.

Dated: February 5, 2021　　　　　　　　　　　s/Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　United States District Judge