UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jackson National Life Insurance Company, | Case No. 15-cv-3044 (WMW/DTS) |
| Interpleader Plaintiff, | **ORDER** |
| v. | |
| Karyl L. Bohnert, Nancy Anderson, and Michael D. Kozlik, | |
| Interpleader Defendants. | |

---

This matter is before the Court on two unopposed motions for leave to withdraw funds. (Dkts. 158, 161.) For the reasons addressed below, the motions are granted.

## BACKGROUND

Interpleader Plaintiff Jackson National Life Insurance Company (Jackson) commenced this action in July 2015 to resolve a dispute pertaining to annuity benefits payable following the death of Kenneth R. Boettcher in April 2015. Jackson deposited the disputed annuity benefits with the Court in October 2015, in a total amount of $181,159.65 (Interpleader Sum). The Court subsequently dismissed Jackson from this action. The remaining Interpleader Defendants in this action are Karyl L. Bohnert, Nancy Anderson, and Michael D. Kozlik in his capacity as the personal representative of the Estate of Kenneth R. Boettcher (the Estate).

In December 2016, in connection with ongoing probate proceedings, the County Court of Sarpy County, Nebraska (the Probate Court), ordered the removal of Kozlik as

the personal representative of the Estate. The Probate Court subsequently appointed Mary L. Wilson as Special Administrator of the Estate to preserve and protect the rights and interests of the Estate, but she was not authorized to bind the Estate to a settlement agreement without first obtaining the approval of the Probate Court.

Subsequently, Wilson filed a motion in the Probate Court seeking authorization to execute the settlement agreement on behalf of the Estate. In a December 26, 2019 Order, the Probate Court authorized Wilson to execute a settlement in this case on behalf of the Estate and authorized Wilson to exercise the powers of personal representative of the Estate pursuant to Nebraska law. In a December 16, 2020 stipulation, the remaining parties represented to the Court that they had reached a partial settlement whereby $20,000 of the Interpleader Sum was to be paid to counsel for the Special Administrator of the Estate. Based on the parties' stipulation and Wilson's unopposed motion for leave to withdraw funds, the Court ordered the Clerk of Court to make a $20,000 payment to the Estate.

On February 22, 2022, this Court granted Anderson's motion to enforce a settlement agreement reached in July 2017 between Anderson and Bohnert. Pursuant to that settlement agreement, Anderson and Bohnert now seek leave to withdraw 45 percent and 55 percent, respectively, of the remaining amount of the Interpleader Sum.

**ANALYSIS**

If any part of the relief sought in a civil action is a money judgment or the disposition of a sum of money, "a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money." Fed. R. Civ. P. 67(a). A party that seeks to deposit money in the court registry may do so only by court order, which Jackson

obtained in this case in 2015 before depositing the Interpleader Sum into the court registry. *See id.*; LR 67.1(a).

A court order also must be obtained before money may be *withdrawn* from the court registry. 28 U.S.C. § 2042; Fed. R. Civ. P. 67(b); LR 67.2(a). To obtain a court order for the withdrawal of money from the court registry, a party must file (1) a motion for leave to make the withdrawal, (2) a completed Withdrawal Payee Information form under seal, and (3) a proposed order specifying the amount of principal and percentage of interest to be disbursed to each payee. LR 67.2(b)(1). A party opposing a motion to withdraw funds must file a response within seven days after the motion is filed. LR 67.2(b)(2). And the Clerk of Court "must not disburse money from the court registry until 30 days after entry of the order granting leave, unless the court orders otherwise." LR 67.2(c).

Here, Anderson and Bohnert each filed the required motion, Withdrawal Payee Information form, and proposed order. No oppositions to the motions were filed within the time period permitted. Accordingly, the motions to withdraw funds are granted, subject to the 30-day waiting period required by Local Rule 67.2(c).[1]

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

---

[1] Because the parties have neither expressly requested an earlier disbursal, nor provided a reason for ordering an earlier disbursal, the Court declines to deviate from the requirements of Local Rule 67.2(c).

1.  The unopposed motion of Interpleader Defendant Nancy Anderson to withdraw funds from the court registry, (Dkt. 158), is **GRANTED**.

2.  Anderson is granted leave to withdraw funds from the court registry in the amount of $72,521.84 from the principal of the Interpleader Sum, plus 45 percent of any interest.

3.  The Clerk of Court is directed to make payment to Meagher & Geer, PLLP, in the amount of $72,521.84, plus 45 percent of any interest, pursuant to Anderson's Withdrawal Payee Information Form, (Dkt. 165). This disbursement shall occur 30 days after the date of this Order.

4.  The unopposed motion of Interpleader Defendant Karyl L. Bohnert to withdraw funds from the court registry, (Dkt. 161), is **GRANTED**.

5.  Bohnert is granted leave to withdraw funds from the court registry in the amount of $88,637.81 from the principal of the Interpleader Sum, plus 55 percent of any interest.

6.  The Clerk of Court is directed to make payment to Karyl Bohnert, in the amount of $88,637.81, plus 55 percent of any interest, pursuant to Bohnert's Withdrawal Payee Information Form, (Dkt. 162). This disbursement shall occur 30 days after the date of this Order.

Dated: May 13, 2022

s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge